UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MEGHAN DONOHUE
               Plaintiff,                                           :

       v.

REGIONAL ADJUSTMENT BUREAU INC.;       :       Civil Action No.:
ENTERPRISE RECOVERY SYSTEMS, INC.;
JOHN DOE 1;
JANE DOE 1,
               Defendants.                             :

## COMPLAINT

**I.**     **Jurisdiction and Venue**

1.     Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.     Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**II.**     **Parties**

3.     Plaintiff Meghan Donohue is a natural person who resides at 218 Rector Street, Philadelphia, Pa 19128.

4.     Defendant Enterprise Recovery Systems Inc. (hereafter "ERS") is a business entity regularly engaged in the business of collecting debts nationwide with its principal place of business located at 2000 York Rd., Suite 114, Oak Brook IL 60522. ERS regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6).

5. Defendant Regional Adjustment Bureau Inc. (hereafter "RAB") is a business entity regularly engaged in the business of collecting debts nationwide with its principal place of business located at 7000 Goodlett Farms Pkwy., Cordova, TN 38016. RAB regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6).

6. Defendant John Doe 1, whose dunning or partial legal name is "Richard Mohle", is a natural person employed by Defendant ERS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Jane Doe 1, whose dunning or partial legal name is "Linda Glomer", is a natural person employed by Defendant RAB as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendants John Doe 1 and Jane Doe 1 at all times acted within the scope of his training and employment as a collector for their respective employers.

### III. Factual Allegations

9. The debts alleged by defendants to be plaintiff's debts are, upon information and belief, various federal student loan debts incurred by plaintiff to pay for her nursing education at the University of Pennsylvania.

10. Pursuant to 34 CFR §§682.405, 685.211(f), and/or 674.39, Defendants must offer plaintiff to rehabilitate the federal loans constituting plaintiff's debt at issue by a payment plan of nine (9) payments within ten months (nine (9) consecutive payments for Perkins loans) and to permit a monthly payment to plaintiff that is reasonable and affordable, based upon document review supporting plaintiff's financial profile.

11. Beginning on or about September, 2011, Defendants began calling plaintiff to collect plaintiff's debts.

A. PHEAA Collection

12. PHEAA, by and through defendant Jeff Capello and otherwise, from phone numbers (800) 233-0751 or (717) 720-2000, has engaged in collection activity against plaintiff for six (6) federal student loan debts totaling $28,981.86.

13. On or about 12/16/2011, PHEAA garnished wages for said student loans owed in the amount of approximately $600 per month.

14. In order to lift the garnishment, remove the corresponding "I9" credit reporting comparable to bankruptcy, and prevent plaintiff's Tax return garnishment as well, PHEAA advised plaintiff she would be required to:

   a. Make a down payment of 10% (approximately $3,000) and permit automatic monthly payment deductions from her bank account of $300, or, if unable to make the down payment;

   b. Authorize monthly payment deductions from her bank account of $600.

15. PHEAA promised that after nine to eleven months, the "I9" remark would be removed from plaintiff's credit report, and payments would continue thereafter until the debt was paid in full.

B. ERS Collection

16. ERS, by and through defendant John Doe believed named Richard Mobley, from phone numbers (888)377-5000, ext. 567, has engaged in collection activity against plaintiff for four (4) federal student loan debts totaling $12,154.16.

17. When John Doe engaged plaintiff on behalf of ERS in collection calls, the only rehabilitation offered to plaintiff was the promise of settlement forgiving $2,200 in penalties if she could pay $3,000 over three (3) months down payment.

18. ERS told plaintiff that if she did not make a down payment and agree to monthly payments directly deducted from her account, her wages would be garnished in the approximate amount of $600 per month.

19. Despite plaintiff protesting that she should not pay the requested amount on her monthly budget, at no time did ERS ever discuss rehabilitation of her student loan debt pursuant to the aforesaid scheme mandated by the federal CFR until February 22, 2012.

20. On or about February 22, 2012, plaintiff spoke to John Doe of ERS and stated that perhaps an attorney should discuss rehabilitation options with ERS on her behalf.

21. John Doe responded to mention of the attorney by then reviewing plaintiff's monthly finances with her by a written questionnaire and concluded that, after the garnishment, she had no disposable income to pay the debts.

C. RAB Collection

22. RAB, by and through defendant Jane Doe, believed named Linda Glomer, from phone numbers (866) 901-3566 or (800) 829-7204, has engaged in collection activity against plaintiff over a period of approximately six (6) months for four (4) federal student loan debts totaling $31,548.90 Texas Guarantee.

23. When Jane Doe engaged plaintiff on behalf of RAB in collection calls the only rehabilitation offered to plaintiff was to pay balance in full immediately, or make a down payment of 10% of the total debt month's end followed by monthly payments of $240 by direct

withdrawal from her bank account.

24. Jane Doe advised plaintiff that only if she made the down payment and monthly payments she would be eligible to negotiate a forbearance agreement or financial hardship payment options after nine to ten months of monthly payments.

25. On or about February 22, 2012, Jane Doe of RAB threatened plaintiff with revocation of her nursing license if she did not consent to one of the two loan rehabilitation schemes offered by RAB.

26. When plaintiff asked Jane Doe how it was possible that her nursing license could be revoked by a debt collector, Jane Doe stated that she "had seen it happen before, and it is definitely possible".

27. At no time did RAB ever discuss with plaintiff rehabilitation of her student loan debt pursuant to an analysis of her monthly finances as mandated by the federal CFR.

28. Plaintiff continues to receive phone calls from Defendants to which she does not respond due to her being unable to engage in any reasonable dialogue with collectors.

29. As a result of Defendants' conduct, Plaintiff has sustained actual damages including, but not limited to emotional and mental pain and anguish which Plaintiff will continue to suffer for an indefinite time in the future.

**IV.   Causes of Action**

### COUNT I – Violations of the FDCPA
*(Plaintiff v. ERS and RAB)*

30. The allegations above are re-alleged and incorporated herein by reference.

31. At all times relevant hereto Defendants were attempting to collect an alleged debt

to it which was incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

32. The above contacts made between the Plaintiff and Defendants were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

33. Defendants, by their conduct as described above, violated the FDCPA including but not limited to the following:

a) §1692d, Engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person;

b) §1692e(2)(A) The false representation of the character, amount, or legal status of any debt;

c) §1692e (4) The representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

d) §1692e(5), Falsely representing legal action that cannot be taken;

e) §1692e(10), Falsely representing that plaintiff's nursing license could be taken;

f) §1692f(1) attempting to collect a debt not permitted by law.

## COUNT II - VIOLATIONS OF
## THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA) 73 P.S. § 2270.1 et. seq. AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL) 73 P.S. § 201-1 et. seq.
*(Plaintiff v. PHEAA)*

34. The allegations above are re-alleged and incorporated herein by reference.

35. Defendants are "debt collectors" as defined by 73 P.S. § 2270.3 of the FCUEA.

36. Plaintiff is among the class of "consumers" as defined by 73 P.S. § 2270.3 of the

FCUEA.

37. All of the above contacts by Defendant PHEAA were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

38. The foregoing acts and omissions of the Defendant in failing to offer plaintiff federally mandated loss mitigation options prior to garnishing her wages constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

   a) The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

   b) The use of false representation or deceptive means to collect a debt or obtain information about a consumer;

   c) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt;

   d) Attempting to collect any amount not authorized by agreement or permitted by law.

39. Defendants' aforesaid deceptive created a likelihood of confusion or of misunderstanding as to plaintiff's rehabilitation options under federal law.

40. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton or negligent disregard for Plaintiffs' rights under the law with the purpose of coercing Plaintiff to pay the debt.

41. As a result of the above violations of the FCUEA and UTPCPL, Plaintiff has suffered ascertainable loss by the monthly dollar differential between what she is currently

paying under the onerous garnishment plan and what she would have paid under a rehabilitation plan that was affordable based on a fair accounting of her monthly finances and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendants for the following:

a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

d. for an award of actual damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

e. Statutory damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

f. Treble damages pursuant 73 P.S.§ 201-9.2(a) against each and every Defendant;

g. Costs of litigation and reasonable attorney's fees pursuant to 73 P.S.§ 201-9.2(a)

h. Equitable relief against all defendants compelling compliance with the rehabilitation schema of the Code of Federal Regulations cited herein;

i. Such other and further relief as the Court may deem to be just and proper.

## JURY TRIAL DEMAND

43.     Plaintiff demands trial by jury.

Dated: <u>March 19, 2012</u>                                    <u>RC 935</u>
ROBERT P. COCCO, P.C.
Attorney for Plaintiff
By:  Robert P. Cocco, Esquire
Pa. Id. No. 61907

        1500 Walnut Street, Suite 900
        Philadelphia, PA 19102
        215-351-0200

        <u>/s/ Matthew Weisberg</u>
        PROCHNIAK WEISBERG, P.C.
        Matthew Weisberg, Esquire
        Pa. Id. No. 85570
        7 S. Morton Ave.
        Morton, PA 19070
        (610) 690-0801

        Attorneys for Plaintiff